IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE E.S.M., <br><br> Petitioner, <br><br> vs. <br><br> WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, <br><br> Respondent. | Civil No. 1:26-cv-04100-MWJS <br> ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART <br><br> A# 246-121-827 |

**<u>ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART</u>**

Petitioner Jose E.S.M.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order, Dkt. No. 2 (the "TRO application").

Upon entering the country in November 2022, Petitioner was arrested by immigration officers and placed into removal proceedings under 8 U.S.C. § 1229a.  Dkt. No. 1, at pg. 4; Dkt. No. 6-2, at pg. 2.  Petitioner was then released on his own recognizance.  Dkt. No. 6-2, at pg. 2.  Immigration officers next encountered Petitioner at the Palm Beach County Jail in Florida in April 2026, and they detained him.  *Id.*

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction contending, among other things, that his detention without a bond hearing violates his due process rights.[2] Dkt. No. 1, at pgs. 8–9. Petitioner seeks relief including his immediate release or a bond hearing. *See id.* at pgs. 9–10.

Respondent does not dispute that Petitioner was initially detained in November 2022, then released on his own recognizance. *See* Dkt. No. 6, at pg. 2. Instead, Respondent argues only that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and that he is not, therefore, entitled to either release or a bond hearing. *Id.* at pg. 1. This court and many others have rejected Respondent's argument that individuals in Petitioner's position are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Jayner E.V.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03554-MWJS, 2026 WL 1330817 (E.D. Cal. May 12, 2026); *Zenon A.C.F. v. Warden Cal. City Det. Ctr.*, No. 1:26-cv-02961-MWJS, 2026 WL 1257064 (E.D. Cal. May 7, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.

Given the foregoing, the petition is GRANTED in part as to Count Two, for the reasons set forth in the cases cited above and the many others like them. Respondent is therefore ENJOINED AND RESTRAINED from continuing to detain Petitioner unless

---

[2] Petitioner also argues that detaining him without a bond hearing violates the Immigration and Nationality Act. Dkt. No. 1, at pg. 8. Given the relief granted by the court, this claim is DENIED without prejudice.

2

he demonstrates, within seven days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified. Respondent shall file a status report within ten days of the date of this order, confirming whether a bond hearing has been held and, if so, the outcome of that hearing.  If a bond hearing has been held, the status report must include a copy of the immigration judge's decision or an explanation of why the decision is not available.

Given the foregoing, the TRO application, Dkt. No. 2, is DENIED AS MOOT. The Clerk of Court is directed to close this case and enter judgment for petitioner.

IT IS SO ORDERED.

DATED:  June 1, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04100-MWJS; *Jose E.S.M. v. Warden, California City Immigration Processing Center*; ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART